# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HECTOR ROMAN,

    Plaintiff,

v.

BERNIE (BERNARD) CHASE, et al.,

    Defendants.

2:09-CV-72 JCM (RJJ)

# ORDER

Presently before the court is defendant CUSA K-TCS, LLC's (named as K.T. Contract Services) motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m). (Doc. #27). Plaintiff, Hector Roman, appearing pro se, has filed a response (doc. #29), to which defendant has replied (doc. #30).

To properly serve a foreign entity, such as CUSA K-TCS, a plaintiff must serve "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Here, no summons was ever issued or served. This alone is sufficient grounds to quash service. *See Anunciation v. West Capital Financial Servs. Corp.*, 1996 U.S. App. LEXIS 24784, *5-6 (9th Cir. 1996) ("the failure to serve the defendant with a summons at all, cannot be considered substantial compliance with the rule."). Additionally, plaintiff's affidavit establishes that the only representative of CUSA K-TCS who was served was one Dave Levett, CUSA's operations manager. As an operations manager, Mr. Levett is not an "officer, managing or general agent, or [] other agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(h)(1)(B).

**James C. Mahan**
**U.S. District Judge**

1  Accordingly, the service of process was deficient and must be quashed.

2  Moreover, this court is not inclined to grant plaintiff additional time to cure the defective
3  service. Generally, a summons and complaint must be served upon a defendant within 120 days after
4  the filing of a complaint. Fed. R. Civ. P. 4(m). Here, 593 days passed after the first amended
5  complaint was filed, and still the defendant had not been served. On November 3, 2010, plaintiff
6  filed a second amended complaint. Nearly another year went by with plaintiff still not having
7  attempted to serve defendant. Finally, on September 2, 2011, the clerk of the court served notice on
8  plaintiff that unless action was taken to move the case forward, the complaint would be dismissed
9  for want of prosecution. (Doc. #22). Finally, plaintiff began attempting to serve the defendants.

10  As explained above, the service was deficient. Given plaintiff's illustrated history of not
11  actively managing his case, this court is of the view that granting extensions would be futile. This
12  court also notes that plaintiff's motion to proceed in forma pauperis was denied over one year ago.
13  (Doc. #18). Plaintiff, however, has failed to resubmit a renewed motion or pay the court mandated
14  filing fee. The complaint is dismissed with prejudice.

15  Accordingly,

16  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to
17  dismiss (doc. #27) be, and the same hereby is, GRANTED in its entirety. The complaint is
18  dismissed with prejudice.

19  DATED November 4, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -